OPINION — AG — ** HANDICAPPED CHILD — TREATMENT — INSTITUTIONS ** (1) IS IS NOT NECESSARY FOR THE PROPER AUTHORITIES OF THE HOSPITAL AND/OR THE ATTENDING PHYSICIAN TO OBTAIN A SPECIFIC CONSENT FOR AN OPERATION, SUCH AS IS ABOVE REFERRED TO, FROM THE PARENT OR GUARDIAN OF SAID CHILD, SINCE WE BELIEVE THE CONSENT QUOTED BY YOU IS SUFFICIENT. HOWEVER, WE SUGGEST THAT IT WOULD BE ADVISABLE, IF POSSIBLE, TO OBTAIN SUCH SPECIFIC CONSENT. WE ALSO SUGGEST THAT THE STATEMENT OF THE PARENT OR GUARDIAN QUOTED BY YOU SHOULD BE REVISED FOR FUTURE USE BY INSERTING AFTER THE WORD " TREATMENT " AND BEFORE THE WORD " AS " THE CLAUSE, INCLUDING THE OPERATION OR OPERATIONS. OF COURSE, IF SAID OPERATION IS, IN FACT, AN EMERGENCY OPERATION WITHIN THE MEANING OF THE FIRST AND SECOND PARAGRAPHS OF THE SYLLABUS OF ' ROGERS V. SELLS, 61 P.2d 1018 ' OF OPINION NO. MARCH 1, 1940, NO CONSENT IS NECESSARY. (2) 10 O.S. 172.12 [10-172.12] IS NOT AUTHORIZED BY LAW TO CONSENT TO AN OPERATION OF A PHYSICALLY HANDICAPPED CHILD. (PARENT, AUTHORIZATION, CONSENT, MEDICAL TREATMENT, STATE AGENCY, STATE INSTITUTIONS, CRIPPLED CHILDREN, HOSPITAL) CITE: 10 O.S. 172.12 [10-172.12], OPINION NO. MARCH 1, 1940 (FRED HANSEN)